State of Nebraska on behalf of Keegan M., a minor
child, appellee, v. Joshua M., defendant and
third-party plaintiff, appellee, and Amy B.,
third-party defendant, appellant.

___ N.W.2d ___

Filed July 30, 2013.    No. A-12-074.

SUPPLEMENTAL OPINION ON ISSUE OF
MOTION FOR ATTORNEY FEES

1.  **Attorney Fees: Time: Appeal and Error.** Pursuant to Neb. Ct. R. App. P.
    § 2-109(F) (rev. 2012), a motion for attorney fees must be filed within 10 days
    of either (1) the release of the court's opinion or (2) the entry of the order of the
    court disposing of the appeal.
2.  **Attorney Fees: Appeal and Error.** An order denying a petition for further
    review is not an order of the court finally disposing of an appeal as contemplated
    in Neb. Ct. R. App. P. § 2-109(F) (rev. 2012).

Appeal from the District Court for Douglas County: Peter
C. Bataillon, Judge. Supplemental opinion: Motion for attor-
ney fees denied.

Justin A. Quinn and Casey J. Quinn for appellant.

Karen S. Nelson, of Schirber & Wagner, L.L.P., for appellee
Joshua M.

Irwin, Pirtle, and Riedmann, Judges.

Riedmann, Judge.
### INTRODUCTION
This matter is before the court on Joshua M.'s motion for
attorney fees. Motions for attorney fees filed pursuant to Neb.
Ct. R. App. P. § 2-109(F) (rev. 2012) are typically disposed of
with a minute entry. A minute entry is not appropriate here,
because Joshua's motion involves an issue not previously
reported in our case law. The new issue presented that we must
answer is whether a motion for attorney fees is timely when it
is not filed within 10 days after the release of an opinion, but
is filed within 10 days of the Nebraska Supreme Court's denial
of a petition for further review.

Without reaching the merits of whether attorney fees are proper in a case of this nature, we deny Joshua's motion as untimely.

## FACTUAL BACKGROUND

This case began as a paternity action that the State initiated, and it ended with Joshua's requesting, and being awarded, custody of the minor child. The child's mother, Amy B., appealed the trial court's order awarding Joshua custody. We affirmed the trial court's order on December 11, 2012. See *State on behalf of Keegan M. v. Joshua M.*, 20 Neb. App. 411, 824 N.W.2d 383 (2012). Amy filed a petition for further review on January 9, 2013, which the Supreme Court denied on March 13. Joshua filed a motion for attorney fees and costs 8 days later.

## ANALYSIS

Section 2-109(F) governs the filing of a motion for attorney fees following an appeal. This section provides, in pertinent part, as follows:

> Such a motion must be filed no later than 10 days after the release of the opinion of the court or the entry of the order of the court disposing of the appeal, unless otherwise provided by statute. Any person filing a motion for attorney fees beyond the 10-day time limit must include within the motion a citation to the statutory authority permitting a filing beyond the time limit prescribed by this rule. For purposes of this subsection an order of the court disposing of the appeal shall include an order disposing of a motion for rehearing. A motion for attorney fees which is timely filed in the Court of Appeals shall toll the time for filing a petition for further review.

[1] Pursuant to § 2-109(F), a motion for attorney fees must be filed within 10 days of either (1) the release of the court's opinion or (2) the entry of the order of the court disposing of the appeal. Joshua did not file his motion within 10 days of the date of the release of the opinion. Therefore, his motion is untimely unless he filed it within 10 days of "the entry of the order of the court disposing of the appeal."

The phrase "the entry of the order of the court disposing of the appeal" is not specifically defined in the court rules; however, § 2-109(F) provides guidance as to its meaning. This section states that the phrase includes "an order disposing of a motion for rehearing." It does not state that the phrase includes an order disposing of a petition for further review. Motions for rehearing are governed by Neb. Ct. R. App. P. § 2-113 (rev. 2012), and neither party filed a motion for rehearing.

In addition to addressing motions for rehearing, § 2-109(F) also states that a motion for attorney fees which is timely filed in the Nebraska Court of Appeals shall toll the time for filing a petition for further review. It does not state that the filing of a petition for further review tolls the time for filing a motion for attorney fees.

We further note that the phrase "the entry of the order of the court disposing of the appeal" appears with one variation in Neb. Ct. R. App. P. § 2-102(F)(1) (rev. 2012) governing petitions for further review. This section requires the following:

> An original and one copy of a petition for further review and memorandum brief in support must be filed within 30 days after the release of the opinion of the Court of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later. For purposes of this subsection, an order of the Court of Appeals finally disposing of an appeal includes an order on a motion for rehearing or a motion for attorney fees.

As evidenced by the above, the phrase "an order of the Court of Appeals finally disposing of an appeal" is defined again as including an order on a motion for rehearing and is expanded to include an order on a motion for attorney fees filed with the Court of Appeals.

[2] Neb. Ct. R. App. P. §§ 2-107 (rev. 2012) and 2-108 (rev. 2008) also address disposition of appeals, but are inapplicable to the present case. We identify them solely for purposes of completeness. Neither of them, nor any other court rule, defines the phrase "an order of the court finally disposing of an appeal" to include an order on a petition for further review.

To the contrary, a careful reading of the rules leads to the conclusion that an order denying a petition for further review is not "an order of the court disposing of the appeal" as contemplated in § 2-109(F). We reach this determination because (1) § 2-109(F) specifically defines an order on a motion for rehearing as "an order of the court disposing of the appeal," but does not include an order on a petition for further review in that definition, and (2) § 2-109(F) provides that the filing of a motion for attorney fees tolls the time for filing a petition for further review, but fails to provide for the converse. Therefore, we determine that the filing of a petition for further review does not toll the 10-day period in which to file a motion for attorney fees.

In the present case, if we were to determine that Joshua's motion for attorney fees was timely, we would create an absurd result, because Amy did not file her petition for further review until 29 days after we released our opinion. Therefore, although Joshua "missed" the 10-day deadline following issuance of our opinion, he would be fortuitously timely because Amy filed a petition for further review. The following chronology depicts this absurdity:

• December 11, 2012—We release our opinion in *State on behalf of Keegan M. v. Joshua M.*, 20 Neb. App. 411, 824 N.W.2d 383 (2012).
• December 21, 2012—Ten-day period after release of *State on behalf of Keegan M. v. Joshua M.* expires.
• January 9, 2013—Amy files petition for further review.
• March 13, 2013—Supreme Court denies petition for further review.
• March 21, 2013—Joshua files motion for attorney fees.
• March 23, 2013—Ten-day period after Supreme Court rules on petition for further review expires.

As evidenced by the above, Amy's filing of the petition of further review would breathe new life into an otherwise expired time period in which to file a motion for attorney fees. While a party who is successful in an appeal does not normally file a petition for further review, there are instances where a party is successful but has not obtained all of the relief he requested. In such a situation, a party who missed the 10-day window to

file a motion for attorney fees could cure that defect by filing a petition for further review, wait for the denial, and then file a motion for attorney fees. Allowing this application would encourage parties who were successful on appeal, but who failed to timely file for attorney fees, to seek further review of the minutest issue in the Nebraska Supreme Court simply so they could request attorney fees.

## CONCLUSION

Joshua failed to timely file his motion for attorney fees when he failed to file it within 10 days from the date on which we released the opinion in *State on behalf of Keegan M. v. Joshua M., supra*. We therefore deny his motion.

MOTION FOR ATTORNEY FEES DENIED.

---

NANCI MOLINA, INDIVIDUALLY AND AS NEXT FRIEND
OF AGUSTIN BUSTAMANTE-MOLINA, APPELLEE, V.
AGUSTIN SALGADO-BUSTAMANTE, APPELLANT.
___ N.W.2d ___

Filed July 30, 2013.    No. A-12-607.

1. **Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law.
2. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
3. **Actions: Paternity: Child Support: Equity.** While a paternity action is one at law, the award of child support in such an action is equitable in nature.
4. **Child Support: Appeal and Error.** The standard of review of an appellate court in child support cases is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion.
5. **Motions for New Trial: Appeal and Error.** A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.
6. **Judges: Judgments: Appeal and Error: Words and Phrases.** A judicial abuse of discretion, warranting reversal of a trial court decision on appeal, requires that the reasons or rulings of a trial court be clearly untenable, unfairly depriving a litigant of a substantial right and just result.
7. **Child Support: Rules of the Supreme Court.** The main principle behind the child support guidelines is to recognize the equal duty of both parents to contribute to the support of their children in proportion to their respective net incomes.