Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/28/2020 09:05 AM CST

John H. Oswald, appellant, v.
Tammy L. Oswald, appellee.
___ N.W.2d ___

Filed January 28, 2020.    No. A-18-573.

### SUPPLEMENTAL OPINION ON ISSUE OF
### MOTION FOR ATTORNEY FEES

1. **Attorney Fees: Time: Appeal and Error.** Pursuant to Neb. Ct. R. App. P. § 2-109(F) (rev. 2014), a motion for attorney fees must be filed within 10 days of either (1) the release of the court's opinion or (2) the entry of the order of the court disposing of the appeal.
2. ____: ____: ____. A party may request attorney fees incurred in defending a petition for further review, as long as the motion is filed within 10 days of the Supreme Court's decision.

Appeal from the District Court for Douglas County: Gary B. Randall, Judge. Second motion for attorney fees granted in part and in part denied.

Benjamin E. Maxell, of Govier, Katskee, Suing & Maxell, P.C., L.L.O., for appellant.

Donald A. Roberts and Justin A. Roberts, of Lustgarten & Roberts, P.C., L.L.O., for appellee.

Riedmann, Arterburn, and Welch, Judges.

Arterburn, Judge.
### INTRODUCTION
This matter is before the court on Tammy L. Oswald's second motion for attorney fees. Motions for attorney fees filed

pursuant to Neb. Ct. R. App. P. § 2-109(F) (rev. 2014) are typically disposed of with a minute entry. However, in this instance, we have determined that a supplemental opinion is prudent in order to clarify whether this court can award attorney fees for time spent responding to a petition for further review which was ultimately denied by the Nebraska Supreme Court. Finding that we can award attorney fees in such a situation, we grant, in part, Tammy's motion for attorney fees.

## FACTUAL BACKGROUND

This case involves John H. Oswald's request to modify the decree of dissolution which dissolved his marriage to Tammy. Specifically, John asked the district court to reduce his alimony and child support obligations based on a reduction in his income. The district court denied John's request for a modification of the decree. John appealed that decision to this court. We affirmed the district court's order in a memorandum opinion, *Oswald v. Oswald*, No. A-18-573, 2019 WL 2267213 (Neb. App. May 28, 2019) (selected for posting to court website).

Two days after the filing of our memorandum opinion, Tammy filed a motion for attorney fees. In the motion, she requested that she be awarded attorney fees in the amount of $7,500, which was the "flat fee" billed to her by her attorney for his work on the appeal. We denied Tammy's motion with the following minute entry: "[Tammy's] motion for attorney fees overruled; [Tammy] has failed to provide documentation of counsel's time spent working on the appeal of this case. Therefore, court cannot determine whether flat $7,500 fee charged to [Tammy] for work on appeal is supported by attorney time and costs specifically devoted to appeal." Subsequently, John filed a petition for further review of our decision to affirm the district court's decision, which the Supreme Court denied on August 20, 2019.

Two days after the Supreme Court denied John's petition for further review, Tammy filed a second motion for attorney

fees. Tammy captioned the motion as being brought "[i]n the Nebraska Supreme Court." She requested that this court's previous denial of attorney fees be reviewed and that she be awarded further attorney fees "incurred in the defense of the Petition for Further Review." Attached to Tammy's motion was a bill from her attorney which indicated that 4 hours were spent in preparing a responsive brief to John's petition for further review. Tammy was charged $240 per hour, or a total of $960, for this work.

## ANALYSIS

We first address Tammy's request that we review our previous denial of her motion for attorney fees which she incurred as a result of John's appeal from the district court's order. We note that by captioning her motion as being brought "[i]n the Nebraska Supreme Court," Tammy clearly intended this issue to be reviewed by the Supreme Court, rather than by this court. However, because the Supreme Court denied John's petition for further review, it declined to exercise jurisdiction over this case. As a result, Tammy's second motion for attorney fees comes before this court.

As to Tammy's second request for attorney fees incurred as a result of John's appeal of the district court's order, it is questionable whether that portion of the motion can be addressed on the merits. Tammy did not file a motion for rehearing of our prior order regarding her request for attorney fees, nor did she petition the Supreme Court for further review of that decision. She raised this issue only after the Supreme Court's denial of John's petition for further review. Even if this issue could be considered at this juncture, we can see no reason to overturn our previous decision. As we stated in our minute entry, Tammy failed to provide any documentation of the specific amount of time her counsel spent working on the appeal of this case. As a result, we are unable to determine whether the flat fee of $7,500 charged to her is supported by adequate attorney time and costs which were specifically devoted to her appeal.

We now turn to Tammy's request that she be awarded the attorney fees she incurred as a result of having to defend John's petition for further review. We determine that Tammy's request for such attorney fees is timely and that she should be awarded attorney fees in the amount of $960.

[1] In determining that Tammy's request for attorney fees incurred as a result of her defense of John's petition for further review was timely, we must clarify a previous opinion issued by this court. In *State on behalf of Keegan M. v. Joshua M.*, 21 Neb. App. 71, 838 N.W.2d 1 (2013) (supplemental opinion), we addressed whether a motion for appellate attorney fees was timely when it was not filed within 10 days after the release of an opinion, but was filed within 10 days of the Supreme Court's denial of a petition for further review. In analyzing this question, we examined, in detail, the language of § 2-109(F), which governs the filing of a motion for attorney fees following an appeal. Section 2-109(F) provides, in pertinent part, as follows:

> Such a motion must be filed no later than 10 days after the release of the opinion of the court or the entry of the order of the court disposing of the appeal, unless otherwise provided by statute. Any person filing a motion for attorney fees beyond the 10-day time limit must include within the motion a citation to the statutory authority permitting a filing beyond the time limit prescribed by this rule. For purposes of this subsection an order of the court disposing of the appeal shall include an order disposing of a motion for rehearing. A motion for attorney fees which is timely filed in the Court of Appeals shall toll the time for filing a petition for further review.

In *State on behalf of Keegan M. v. Joshua M., supra*, we concluded that appellee's motion for appellate attorney fees was not timely filed when it was filed within 10 days of the Supreme Court's denial of a petition for further review. In reaching this decision, we found that pursuant to § 2-109(F), a motion for attorney fees must be filed within 10 days of

either (1) the release of the court's opinion or (2) the entry of the order of the court disposing of the appeal. Because appellee did not file his motion for attorney fees within 10 days of the release of our opinion, we analyzed whether the motion was within 10 days of "the entry of the order of the court disposing of the appeal." We ultimately held that "an order denying a petition for further review is not 'an order of the court disposing of the appeal' as contemplated in § 2-109(F)." *State on behalf of Keegan M. v. Joshua M.*, 21 Neb. App. at 74, 838 N.W.2d at 3. We held that as a result, appellee's motion for appellate attorney fees was not timely filed.

[2] We do not read *State on behalf of Keegan M.* to stand for the proposition that no request for attorney fees can be timely filed following the denial of a petition for further review. Rather, the holding in *State on behalf of Keegan M.*, that a motion for attorney fees is not timely when it is filed 10 days after a petition for further review has been denied, is limited to those situations where a party is attempting to recover attorney fees incurred during the entire appellate process. Stated more succinctly, if a party does not file a motion for attorney fees within 10 days of the release of an opinion or an order disposing of a motion for rehearing, the party is foreclosed from recovering attorney fees which were incurred prior to the release of the opinion or the order disposing of the motion for rehearing. However, a party may request attorney fees incurred in defending a petition for further review, as long as the motion is filed within 10 days of the Supreme Court's decision.

Here, Tammy's second motion for attorney fees requested fees which were incurred after the release of our opinion and while she was defending John's petition for further review. Tammy's motion was filed within 10 days of the Supreme Court's denial of the petition for further review. As such, the request was timely. Moreover, the request for $960 in attorney fees, which accounts for 4 hours of work, appears reasonable. Accordingly, we award Tammy $960 in attorney

fees which were incurred in her defense of the petition for further review.

## CONCLUSION

We decline to review our previous decision denying Tammy's request for attorney fees which were incurred prior to our opinion being issued. However, we grant Tammy's request for attorney fees which were incurred in her defense of the petition for further review. We therefore order John to pay $960 to Tammy for attorney fees incurred due to his petition for further review.

SECOND MOTION FOR ATTORNEY FEES GRANTED IN PART AND IN PART DENIED.